NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 19 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| MARLON MONROY LINAREZ, | No. 18-73112 |
| Petitioner, | Agency No. A206-699-988 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 16, 2022[**]
Pasadena, California

Before: NGUYEN and FORREST, Circuit Judges, and FITZWATER,[***] District
Judge.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Sidney A. Fitzwater, United States District Judge for
the Northern District of Texas, sitting by designation.

Marlon Monroy Linarez, a citizen of El Salvador, seeks review of the Board of Immigration Appeals' (BIA) decision denying him asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition.

"Where the BIA conducts its own review of the evidence and law, rather than adopting the [immigration judge's (IJ)] decision, our review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020) (quoting *Rodriguez v. Holder*, 683 F.3d 1164, 1169 (9th Cir. 2012)).

1.    ***Due Process.*** Monroy Linarez argues that the agency violated due process by failing to consider probative evidence of his persecutors' motives. We review this claim de novo. *See Larita-Martinez v. INS*, 220 F.3d 1092, 1095 (9th Cir. 2000). A petitioner alleging "that the [BIA] violated his right to due process by failing to consider relevant evidence must overcome the presumption that [the BIA] did review the evidence." *Id.* at 1095–96. Monroy Linarez has not done so. The agency did consider the evidence at issue, and Monroy Linarez mischaracterizes the agency's treatment of this evidence. His due process claim therefore lacks merit. Further, the record establishes that substantial evidence supports the agency's nexus finding, discussed further below. Thus, his claim lacks merit for this additional reason. *See Bartolome v. Sessions*, 904 F.3d 803, 814 (9th Cir. 2018).

2. ***Agency's legal analysis***. Monroy Linarez argues that the agency erred by requiring "evidence of an affirmative declaration from the persecutors of the reasons for the persecution." This court reviews questions of law de novo, including whether the agency applied the correct legal standard. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1146 (9th Cir. 2021). While circumstantial evidence may sufficiently establish nexus, the petitioner still needs to provide "*some* evidence" of his persecutors' motive. *Navas v. INS*, 217 F.3d 646, 657 (9th Cir. 2000) (quoting *INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992)). Monroy Linarez's evidence of the MS-13 members' motive was generally unconnected to his harm. He provided evidence that MS-13 wanted to recruit him because of his leadership abilities. His mother submitted a declaration stating "[w]e were not sure how much the gang knew about Marlon and our family." The agency did not "require" Monroy Linarez to prove that the MS-13 members stated why they targeted him. Rather, it partially relied on the lack of any mention by the gang members of his family, politics, or religion as evidence supporting its conclusion that Monroy Linarez failed to establish nexus to these protected grounds. This was not error.

Monroy Linarez also argues that the agency applied an incorrect nexus standard to his withholding of removal claim. We reject this assertion because the BIA applied the correct standard and did not err. *See Ghaly v. INS*, 58 F.3d 1425,

1430 (9th Cir. 1995) ("Any error committed by the IJ will be rendered harmless by the Board's application of the correct legal standard.").

3.    *Nexus.* The agency's nexus determination is reviewed for substantial evidence. *Santos-Ponce v. Wilkinson*, 987 F.3d 886, 890 (9th Cir. 2021). Under this deferential standard, the agency's decision stands "unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (quoting 8 U.S.C. § 1252(b)(4)(B)). Substantial evidence supports the agency's nexus conclusion. A reasonable adjudicator would not be compelled to find a nexus where Monroy Linarez failed to provide any evidence—direct or circumstantial—linking the MS-13 members' actions to his religious beliefs, politics, or family membership. His mother's declaration testimony indicated Monroy Linarez's family was unsure how much MS-13 knew about them, and Monroy Linarez provided evidence that MS-13 may have targeted him for recruitment for his leadership abilities.

**PETITION DENIED.**